UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEBASTIAN W. ATRYZEK, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 22-349-JJM-PAS |
| : | |
| RI ATTORNEY GENERAL'S OFFICE; : | |
| RI DEPARTMENT OF CORRECTIONS; : | |
| UNITED STATES MARSHALS SERVICE;: | |
| STATE OF RHODE ISLAND, : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the referred motion for the appointment of counsel filed by *pro se*[1] prisoner Plaintiff Sebastian Wells Atryzek. ECF No. 8. For the reasons set out below, the motion is denied without prejudice.

**I.    Background**

Plaintiff has sued the State of Rhode Island, its Attorney General, the Rhode Island Department of Corrections ("RIDOC")[2] and the United States Marshals Service for money damages only pursuant to 42 U.S.C. § 1983 and for defamation/slander. ECF No. 1 at 1-3, 5. He claims that he was wrongly arrested, convicted (on *nolo contendere* pleas), incarcerated and held in segregation based on the state charge of failing to register as a sex offender in 2012 (P2-2012-

---

[1] The filings of *pro se* litigants must be read with appropriate leniency. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 n.1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

[2] Plaintiff is currently a prisoner in the custody of RIDOC. This incarceration is not related to the matter in issue in this case.

425A) and again in 2013 (P2-2013-1293A).  ECF No. 1-2 at 1-5.  Foundational to Plaintiff's claims is the February 11, 2022, decision of the Rhode Island Supreme Court affirming the Superior Court's grant of post-conviction relief vacating these two convictions.  Atryzek v. State of Rhode Island, 268 A.3d 37, 48 (R.I. 2022) ("Atryzek II") (affirming in part and quashing in part the Superior Court order and judgment on remand from Atryzek v. State of Rhode Island, 197 A.3d 334 (R.I. 2018) ("Atryzek I")).  In Atryzek I, the court held that the lifetime registration obligation was voided by State of Rhode Island v. Gibson, 182 A.3d 540 (R.I. 2018) ("Gibson") and remanded the case for determination of when Plaintiff's ten-year duty to register ended.  197 A.3d at 337–38 (citing Gibson).  In reliance on Gibson and Atryzek I, Atryzek II holds that, by June 19, 2010, when the conduct underlying the 2012 and 2013 convictions occurred, Plaintiff's ten-year duty to register had terminated and the lifetime duty to register that the Superior Court had recognized, based on the language in the version of the registration statute under which Plaintiff had been charged, did not apply.  Atryzek II at 43, 47–48.

Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 2) was granted by text order on September 27, 2022.  On October 7, 2022, he filed a motion for appointment of counsel (ECF No. 8), which has been referred to me for determination.  In the motion, Plaintiff alleges that his imprisonment will impede his ability to litigate, that this case will require a trial at which an attorney will be essential and that he has approached several attorneys, all of whom have declined.  Without explaining why, Plaintiff asks the Court to appoint a specific attorney who is a member of the Court's criminal CJA panel, but not the Court's civil *Pro Bono* panel.  ECF No. 8.  Plaintiff also filed a letter advising the Court that his current classification may

impede his ability timely to respond to the Court's rulings.³ ECF No. 10. Plaintiff's filings to date are clear and well written; in that regard, his thoughtful letter advising the Court of potential timeliness issues that might arise because of his present classification reflects an understanding of the fundamentals of effective litigation.

Defendants were served in the case on October 18, 2022. ECF No. 9. Their responsive pleadings are not due until December 19, 2022. As of this writing, no Defendant has yet filed an entry of appearance. No Defendant has responded to Plaintiff's motion for counsel.⁴

**II.     Applicable Law And Analysis**

In stark contrast to criminal proceedings, there is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Also in contrast to criminal proceedings, there is no funding mechanism for appointed counsel in civil cases. Diaz v. Coyne-Fague, No. 21-CV-241-JJM-PAS, 2021 WL 5416627, at *3 (D.R.I. Nov. 19, 2021). Therefore, whether to appoint counsel is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the

---

³ As it does with any *pro se* litigant, the Court strives to accommodate plaintiffs in this circumstance. The Court has not observed that RIDOC has a pattern of failing to deliver legal mail to inmates. Based on these considerations, the Court places limited weight on Plaintiff's expressed concern that he will not receive mailings from the Court.

⁴ Plaintiff filed a motion for summary judgment on November 3, 2022 (ECF No. 11); this motion was denied without prejudice by text order on November 7, 2022; based on the prematurity of this motion, the Court ruled that such a motion "can be filed after the Defendants have been served and after discovery takes place." Nov. 7, 2022 Text Order.

3

party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel").

To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel from the Court's civil *Pro Bono* Panel,[5] "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24; see Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983). Just because a plaintiff alleges sufficient facts to state a claim in the complaint, that does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3.

Based on the foregoing, the Court finds that Plaintiff's motion for counsel is premature. First, at least for purposes of what needs to be done at this early phase of the case, Plaintiff has demonstrated an adequate capacity for self-representation. Regarding complexity, the Court finds that it is far too early to tell whether the issues raised are factually and legally complex, including whether the case will require depositions, an evidentiary hearing or a jury trial. When and if the case reaches the phase where Plaintiff must respond to complex legal arguments or must develop testimonial evidence that cannot be procured effectively by a *pro se* litigant, especially by a prisoner, the Court may well reconsider whether an appointment should be made. See Diaz, 2021 WL 5416627, at *2 (counsel determination subject to change as case proceeds,

---

[5] Except in limited circumstances not applicable here, the Court cannot appoint criminal attorneys from its criminal panel of attorneys to represent prisoners in non-habeas civil cases seeking money damages. Plan for Pro Bono Representation in Civil Cases, https://www.rid.uscourts.gov/sites/rid/files/documents/cvprobono/Pro%20 Bono%20 Plan%20Final.pdf (last visited November 9, 2022). Civil appointments are made from the *Pro Bono* Panel of attorneys willing to consider accepting civil cases on a volunteer basis. Id.

including as plaintiff's responses to motions demonstrate that claim has substantive merit and may be too complex for plaintiff to present without assistance of attorney). For now, however, it is too soon for these determinations.

Regarding the merits, the Court finds that, with Defendants not yet having appeared or answered the case, it is far too early to assess whether Plaintiff's claims are so clearly meritorious as to result in fundamental unfairness if the counsel motion is denied at least for now. See Choski, 248 F. Supp. 3d at 328. In that regard, the Court considers that Section 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law." Haywood v. Drown, 556 U.S. 729, 731 (2009) (emphasis supplied); see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). As of now, the Complaint does not seek to join as "persons" any individuals. Rather, Plaintiff names only the State itself and various State entities. ECF No. 1. Absent waiver by the State, the merit of these claims is questionable because "'the Eleventh Amendment bars a damages action against a State in federal court.'" Divris v. Dookhan, 590 F. Supp. 3d 388, 392 (D. Mass. 2022) (quoting Kentucky v. Graham, 473 U.S. 159, 169 (1985)). Also potentially lacking in merit, at least as of now, is Plaintiff's damage claim against the "U.S. Marshals." ECF No. 1 at 1. It clashes with Plaintiff's allegation that he is suing "State or local officials (a § 1983 claim)"; further, the pleading contains nothing that conceivably amounts to a claim against this federal law enforcement agency. ECF No. 1 at 3, 5, 8. Indeed, it may be that the naming of the United States Marshals Service is an error and that Plaintiff did not intend to make a claim. For now, these deficiencies mean that the Court cannot find that Plaintiff's claims are sufficiently meritorious that fundamental unfairness

impinging on Plaintiff's due process rights would result if counsel were not appointed at this early phase.

In reliance on these findings, the Court concludes that Plaintiff has failed to demonstrate exceptional circumstances sufficient to convince the Court that it should appoint *pro bono* counsel from its civil *Pro Bono* Panel at this time. This determination is without prejudice to a motion for counsel at a subsequent phase of the case when circumstances have changed.

### III. Conclusion

Based on the foregoing, Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 10, 2022